
FILED
6/1/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUD ROSSMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 1:20-cv-01117-UNA |
| v. ) | |
| ) | |
| TERRENCE AUSTIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant plaintiff's IFP application and dismiss the complaint for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues the Public Defender Service for the District of Columbia and two District of Columbia public defenders. He also sues three John Does. As a preliminary matter, the Local Rules of this court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." LCvR 5.1(c)(1).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).

Plaintiff has failed to invoke diversity jurisdiction and attempts to state a federal question. However, he merely broadly alleges that he has suffered equal protection and due process rights violations pursuant to 42 USC §1983.  He states that, in spring 2018, defendants represented him in a criminal action arising out of a purported false arrest warrant.  He also alleges that, despite his requests, defendants have refused to provide him with the number associated with the arrest warrant, failing "to meet [their] professional obligations."  He seeks equitable relief and monetary damages.

As pled, plaintiff fails to articulate adequately the deprivation of a protected right.  "Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis for a due process violation."  *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). Plaintiff also fails to allege a viable equal protection claim.  Plaintiff does not identify "the 'rights' of which he was deprived or the other individual or individuals to whom these rights were afforded. Nor does Plaintiff allege how [] other individuals were similarly situated, as he must in order to state a viable equal protection claim."  *Id.*  "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts."  *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).  Consequently, there is also no basis to support federal question jurisdiction.

Therefore, the court will dismiss the complaint without prejudice.  An order consistent with this memorandum opinion is issued separately.=

_____/s/_____
Emmet G. Sullivan
United States District Judge

DATE: June 1, 2020